**Robert Lee HORTON,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16084.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 10, 1989.

Motion for Rehearing or Transfer
Denied Nov. 1, 1989.

Application to Transfer Denied
Dec. 12, 1989.

Susan L. Hogan, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Judge.

In this postconviction proceeding under former Rule 27.26, now repealed, movant Robert Lee Horton sought to vacate or correct two pleas of guilty entered in the Circuit Court of Scott County on June 12, 1986.[1] The motion court has denied relief and the movant, to whom we shall refer as the defendant, has appealed. We affirm.

The defendant was charged with first-degree assault in violation of § 565.050, RSMo Supp.1984, and resisting arrest in violation of § 575.150, RSMo 1978. The informations were filed June 11, 1985. On July 5, 1985, the defendant was enlarged on recognizance and remained so enlarged until June 12, 1986, when, upon his petition, the Circuit Court of Scott County accepted his guilty plea. Having addressed the defendant personally in open court as required by Rule 24.02(b) and (c), the court pronounced sentence as follows:

\* \* \* \* \* \*

"Mr. Horton, it is the judgement of this Court, in CR585–209FX [the case in which defendant stood charged with first-degree assault], that you shall be committed to the Division of Corrections for a period of five years.

\* \* \* \* \* \*

It is further the judgment of this Court, in CR585–198FX [wherein defendant stood charged with resisting arrest], that you shall be committed to the Division of Corrections for a period of five years."

\* \* \* \* \* \*

The defendant was thereupon placed on supervised probation for a period of 5 years. The court discussed the terms and conditions of the probation at some length with the defendant, his attorney, the probation officer and the prosecuting attorney. Before the hearing on the guilty plea was terminated, the trial court announced:

"I'm going to run these sentences *consecutively* with each other." (Our emphasis.)

On August 28, 1986, defendant's probation was revoked and the sentences were ordered executed. The orders of commitment specify that the two sentences are to be served consecutively. The defendant thereafter filed this motion for postconviction relief.

The defendant sought to vacate or correct his sentence on various grounds. On appeal, however, the only point advanced is that the plea was involuntary because the defendant did not receive the effective assistance of counsel. As we understand the brief, counsel's ineffectiveness consisted in his failure to advise the defendant that the sentences would run consecutively if his probation were revoked. This ineffectiveness, it is now contended, prevented the plea of guilty from being knowing and voluntary.

Failure to advise the accused that consecutive sentences may be a consequence of his guilty plea is usually asserted as a failure to advise the defendant of the direct or "critical" consequences of his plea of guilty as implicitly required by Fed.R.

---

1. Rule 27.26 was repealed and replaced by Rule 29.15 on February 11, 1987, effective January 1, 1988. Nevertheless sentence was pronounced prior to January 1, 1988, and this proceeding was pending on that date. The case is therefore governed by the law applicable to proceedings under former Rule 27.26. Rule 24.035(e).

Crim.P. 11, our Rule 24.02 and other procedural rules designed to insure the knowing and voluntary character of a plea of guilty. It is generally held that failure to advise an accused that his sentences may run consecutively is not a "consequence" of the plea concerning which the court must first address the defendant before accepting the plea. See *United States v. Ray*, 828 F.2d 399, 417–18 (7th Cir.1987), cert. denied, 485 U.S. 64, 108 S.Ct. 1233, 99 L.Ed.2d 432 (1988); 1 C. Wright, Federal Practice and Procedure: Crim.2d § 173, p. 610 (1982).

We need not pursue the law nor the merits of the appeal at length. The motion court patiently heard a great deal of testimony, some of which directly refuted the allegations of the defendant's motion. The motion court's findings are not clearly erroneous within the meaning of former Rule 27.26(j), the sole point advanced in this court is singularly without merit, and the judgment is affirmed pursuant to Rule 84.-16(b).

FLANIGAN, P.J., and MAUS, J., concur.