**Tino WEDLOW, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 45483.**

Missouri Court of Appeals,
Western District.

Sept. 8, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 27, 1992.

Application to Transfer Denied
Dec. 18, 1992.

Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Tino Wedlow, appeals the denial of his Rule 24.035 motion for post-conviction relief. Wedlow's underlying conviction is pursuant to his guilty plea to a charge of first degree murder. In his plea, Wedlow admitted to taking money to start a fire in an effort to kill someone and that a person did die as a result of the fire. In accordance with a plea bargain, Wedlow was sentenced to a term of life imprisonment without possibility of probation or parole.

Wedlow argues, on appeal, that the motion court erred by denying him an evidentiary hearing because he alleged facts warranting relief that were not refuted by the record and which, if proven to be true, would have demonstrated prejudice. The specifics of Wedlow's argument are addressed in several sub-points all of which relate to ineffective assistance of trial counsel.

Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied* sub nom, *Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The findings, conclusions and judgment of the motion court will be deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left

with the definite and firm impression that a mistake has been made. *Id.* at 695–696.

A movant is only entitled to an evidentiary hearing if the movant (1) alleged facts, not conclusions, which, if true, would warrant relief; (2) these facts raise matters not refuted by the record and files in the case; and (3) the matters have resulted in prejudice to the movant. *Gillespie v. State*, 785 S.W.2d 725, 726 (Mo.App. 1990). If any one of these three prongs is absent, the motion court may deny an evidentiary hearing. Furthermore, once a guilty plea is entered, a determination of adequacy of counsel becomes immaterial except to the extent that counsel's ineffectiveness bears on the issue of the voluntariness and understanding of the plea. *Id. at 727.*

In his first sub-point, Wedlow argues that he was entitled to an evidentiary hearing on his allegation that the first attorney appointed to represent him was ineffective because said attorney "unilaterally" decided to withdraw from Wedlow's case.

Wedlow was first represented by appointed counsel, Charles Rogers. The record reflects that Rogers' withdrawal was sanctioned by the trial court because of a conflict of interest.

Defense counsel has an ethical obligation to avoid conflicting representations and to advise the court promptly when a conflict of interest arises. *Culyer v. Sullivan*, 446 U.S. 335, 346, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333 (1980). The record refutes Wedlow's allegation in that Rogers was upholding his ethical obligation by withdrawing from the case and his withdrawal was sanctioned by the trial court. Wedlow was not entitled to an evidentiary hearing on this allegation.

Wedlow next argues that he was entitled to an evidentiary hearing on his allegation that trial counsel was ineffective for failing to fully and adequately inform him regarding the relative weakness within the state's case because of the impeachability factor of one of the state's witnesses.

At the guilty plea hearing Wedlow admitted his guilt of the crime charged and stated that his plea was made voluntarily after all of his rights to a jury trial had been explained to him, that he understood those rights and that he was pleading guilty because he was guilty. Wedlow stated that he was satisfied with the representation of trial counsel and that counsel had discussed the ramifications of his plea with him. Wedlow stated he understood that by entering a plea he would not be challenging the state's evidence or requiring the state to prove its case against him. Wedlow further specifically stated that he understood that he was waiving his right to cross-examine any witnesses by entering a guilty plea.

Wedlow's allegation of ineffectiveness, because of the impeachability factor of one of the state's witnesses, is refuted by the record. Wedlow's plea was shown to have been voluntary, entered because he was guilty and with the understanding that he would not be able to cross-examine any witnesses.

Wedlow next argues that he was entitled to an evidentiary hearing on his allegation that counsel misrepresented to him that if he plead guilty he would only have to serve fifteen years of his sentence. Wedlow stated on numerous occasions throughout his guilty plea that he understood that by entering a guilty plea he would be sentenced to life imprisonment without parole. The record refutes Wedlow's allegation of the amount of time he understood he would have to serve.

Wedlow next argues that he was entitled to an evidentiary hearing on his allegation of trial counsel's failure to fully and adequately inform him of the elements of the crime for which he was charged.

When an accused admits in open court facts which constitute the offense for which he is charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of the charge to which he plead guilty. *Western v. State*, 760 S.W.2d 174, 176 (Mo.App. 1988). Wedlow admitted at his guilty plea hearing that he helped set fire to a house with knowledge that the purpose of the fire

was to kill someone in the house and that someone did in fact die from the fire. Once again, Wedlow's allegation that he was not informed of the elements of the crime was refuted by the record.

Wedlow next argues that he was entitled to an evidentiary hearing on his allegation that trial counsel failed to inform him of the possibility that the jury could be instructed on lesser-included offenses.

■ When a movant understands that by pleading guilty he is waiving the right to a jury trial, the movant does not have a right to be specifically informed of each detail of the trial by jury that he is waiving. *Isom v. State*, 776 S.W.2d 63, 66 (Mo.App.1989); *Orr v. State*, 607 S.W.2d 187, 188 (Mo.App.1980). Once again, the record reflects that Wedlow understood and waived his right to a jury trial and that he plead guilty because he was guilty. Wedlow was not entitled to an evidentiary hearing on this point.

Finally, Wedlow argues that he was entitled to an evidentiary hearing on his allegation that trial counsel instructed him to lie to the court at his guilty plea hearing concerning his plea and the crime.

■ A mere allegation that a movant's attorney instructed the movant to lie at a guilty plea hearing does not entitle the movant to an evidentiary hearing. *LaRose v. State*, 724 S.W.2d 339, 340 (Mo.App. 1987). Wedlow stated at the guilty plea hearing that he was satisfied with counsel, that he had not been threatened or coerced into pleading guilty and that he was pleading guilty because he was guilty. As with his other allegations, Wedlow's final allegation is refuted by the record.

Judgment affirmed.

All concur.