William L. DEAN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 50172.

Missouri Court of Appeals, Western District.

June 27, 1995.

Elizabeth Unger Carlyle, Lee's Summit, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Michelle A. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

When William L. Dean pleaded guilty to charges of robbery and armed criminal action on October 7, 1993, no one informed him of his constitutional rights in open court. The circuit court assumed from a written petition submitted by Dean that he understood and waived his rights. Based on his petition, the circuit court accepted his plea of guilty.

On May 2, 1994, Dean filed a motion pursuant to Rule 24.035 asking that the court's judgment of conviction be set aside. He amended his motion on June 24, 1994, to include allegations that his plea was invalid because the court did not address him personally concerning his rights and because he was not under oath when he was asked whether he understood and waived his constitutional rights. The circuit court overruled his motion without an evidentiary hearing. We reverse the denial of his motion without an evidentiary hearing and remand for a hearing on Dean's motion.

Rule 24.02 governs what advice a circuit court must give a criminal defendant who asks the court to accept his or her plea of guilty. The rule says:

**(b) Advice to Defendant.** [B]efore accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; and

3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine

witnesses against him, and the right not to be compelled to incriminate himself; and

4. That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

**(c) Insuring That the Plea is Voluntary.** [T]he court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the prosecuting attorney and the defendant or his attorney.

At the hearing on his guilty plea, the circuit court did not personally discuss any of the issues required by Rule 24.02. Instead, the court relied on a document entitled, "PETITION TO ENTER PLEA OF GUILTY."

The petition was a court-prepared document with blank lines, and it instructed Dean to fill in the blanks "in his ... own handwriting." The petition said:

I read the charge(s) against me and have discussed this with my lawyer. I fully understand every charge made against me.

. . . .

5) I know that the Court must be satisfied that there is a factual basis for a PLEA OF GUILTY before my plea can be accepted. I represent to the Court that I did the following acts in Jackson County, Missouri, on *Dec 23, 1992* (date of crime) at _____ (time) in connection with the charge(s) made against me:

*I drove my co-defendants to South Kansas City in Jackson County, Missouri knowing my co-defendants intended to commit the crime of robbery, stealing from the person of another, knowing my co-defendants had a knife and took [illegible] from the victim.*

. . . .

6) My lawyer has counseled and advised me on the nature of each charge, on all lesser-included charges, if any, and on all possible defenses that I might have in this case.

7) I know that I have certain constitutional rights which I will be giving up by pleading guilty. These rights are as follows:

a) I have the right to a trial by jury or judge (my choice). I know that I am not required to plead guilty. I know that by pleading guilty I will be giving up my right to a trial and giving up any opportunity that I might have to present any defenses to the charge(s) that the State has brought against me;

b) I know that I have the right to the assistance of a lawyer at all stages of the proceedings;

c) During any trial, I would have the right to remain silent. I understand I do not have to take the witness stand or say anything that would in any way incriminate me. I understand that the Court would instruct any jury that, if I do remain silent, no inference of guilt may be drawn from my failure to testify;

d) I know that I am entitled to a presumption of innocence throughout the proceedings and that the burden would be on the State to prove my guilt beyond a reasonable doubt;

e) I know that before any jury could find me guilty, all twelve jurors would have to agree that I was guilty;

f) I know that I have the right to confront and cross-examine the State's witnesses, that I may present witnesses and evidence on my behalf and that, if necessary, I have the right to use the subpoena power of the Court to compel the production of any evidence in my favor, including the attendance of any witnesses;

g) I know that if I were to go to trial and be found guilty, I would have the right to appeal this decision to a different Court with different judges but that by pleading guilty, I give up my right to any appeal and that there is no appeal from a guilty plea.

I understand all of my constitutional rights and it is my desire to freely and

voluntarily give up these rights in connection with this guilty plea.

8) My lawyer informed me that the range of punishment which the law provides in this case is: *not less than 10 and not to exceed thirty (30) or life imprisonment.*

. . . .

10) I understand the plea bargain agreement to be: *Thirty year (30) on armed robbery and armed criminal action concurrent with this time running concurrently to any time imposed by the United States District Court.*

. . . .

If anyone else made any promises or suggestions, except as noted in this paragraph I know that he/she had no authority to do it. I know that the sentence I will receive is solely a matter within the control of the judge. I hope to receive leniency, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose.

. . . .

16. I HAVE READ, AND MY ATTORNEY HAS EXPLAINED TO ME THIS PETITION TO ENTER PLEA OF GUILTY. EACH OF THESE FIVE (5) PAGES WERE SIGNED BY ME IN THE PRESENCE OF MY ATTORNEY THIS 7th DAY OF October, 1993.[1]

At the guilty plea hearing, the circuit court discussed the petition with Dean:

THE COURT: Now, Mr. Dean, you and your attorney have handed me a petition to enter plea of guilty[.] I understand that you and your attorney, together, have completed all of the blanks in [the petition], is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Have you read it?

THE DEFENDANT: Yes, sir.

THE COURT: This is your signature on each page?

THE DEFENDANT: Yes, sir.

THE COURT: And your attorney has signed it also, is that correct?

THE DEFENDANT: Yes.

THE COURT: Has your attorney explained this [petition] to you?

THE DEFENDANT: Yes, sir.

THE COURT: You've gone over it line by line?

THE DEFENDANT: Yes.

THE COURT: And did you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: And do you swear that the statements contained in [the petition] are true, accurate, and correct in every respect?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions that you would like to ask the Court, either about [the petition] or any other part of the procedure?

THE DEFENDANT: No, sir, not at this time.

Only after these preliminary questions and several by the prosecutor about his awareness that he was withdrawing his plea of not guilty and entering a plea of guilty did the circuit court administer an oath. The court then asked him, "All of your answers today have been true, is that correct?" Dean answered, "Yes, sir." The court made no other inquiry of Dean. The court delayed sentencing until November 4, 1993.

Before the sentencing hearing, and again at the sentencing hearing on November 4, Dean asked to withdraw his guilty plea. The circuit court denied the request and reminded Dean of his rights pursuant to Rule 24.035.

In this appeal of the circuit court's denial of his Rule 24.035 motion without an evidentiary hearing, Dean asserts five points of error. In the first, he contends that his guilty plea was invalid because of the trial court's "total failure to admonish the movant in open court as required" by Rule 24.02. The remaining four contend that the court

---

1. The underlined words were handwritten on blanks in the form. The words in all capital letters appeared that way in the original.

erred in overruling his motion without an evidentiary hearing because (1) he asserted in his motion that his plea was "not knowing because he did not understand the plea agreement as to punishment, and this factual allegation requires a hearing"; (2) he alleged that he was denied effective assistance of counsel and this raised factual issues requiring a hearing; (3) he alleged that his guilty plea was involuntary because of his incompetence to stand trial and this factual allegation required a hearing; and (4) he alleged that the prosecutor had failed to disclose exculpatory evidence.

In denying Dean's motion without an evidentiary hearing, the circuit court concluded:

Supreme Court Rule 24.02(b) requires only that the defendant understand: 1) The nature of the charge against him and the range of punishment provided by law; 2) that the defendant has the right to representation at every stage of the proceedings against him; 3) that he has the right to plead not guilty, persist in that plea, the right to a jury trial, the right to assistance of counsel, the right to confront and cross-examine witnesses, and the right not to be compelled to incriminate himself, and 4) that by pleading guilty he waives the right to a trial.

This is clearly erroneous. The rule requires more. It directly commands the court, while addressing "the defendant *personally in open court*,"[2] to "inform him of, and determine that he understands" his constitutional rights.

■ The Supreme Court obviously did not want to entrust to anyone other than the court the extremely important determination that a defendant's plea was voluntarily and knowingly made. The best way to ascertain that a defendant was acting voluntarily with sufficient knowledge and awareness was for the court, personally in open court while the defendant stood before it, to inform the defendant of his or her rights and then to determine whether the defendant waived those rights and understood the nature of the proceeding. Although a writing can inform an individual of his or her rights, the court cannot determine that the individual truly understands those rights unless it follows Rule 24.02's mandate that it inform the individual of those rights personally in open court.

■ By asking Dean to read a document and then relying on Dean's attorney to ascertain that Dean understood the document, the circuit court violated the rule's mandate. "Personal" means "done in person without the intervention of another: direct from one person to another[.]" WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1686 (Unabridged 1971).

■ Although the rule does not mandate a "*particular* ritual," *Jones v. State*, 829 S.W.2d 47, 49 (Mo.App.1992) (emphasis added), it still "imposes a procedure or ritual to be followed." *Crowe v. State*, 774 S.W.2d 900, 901 (Mo.App.1989). So long as a court personally informs a defendant of his rights in open court, the rule does not impose any particular procedures for seeing that the defendant is informed of and waives his rights. Failure to heed the clear mandate that the court personally inform a defendant of his rights in open court is a violation of the rule.

■ The state argues, "The trial court personally addressed appellant in open court and determined that appellant had been fully advised of his rights and that he understood those rights[.] [T]he requirements of Rule 24.02 were met." The state overlooks the rule's mandate that the court personally inform the defendant of his rights. Moreover, rather than the court's going over the document line by line to determine that Dean understood it, the court relied on Dean's representation that his attorney had done so.

The circuit court's conclusion that it needed only to determine that Dean understood his rights was correct under Rule 25.04, the predecessor to Rule 24.02. *See Branstuder v. State*, 609 S.W.2d 460, 462 (Mo.App.1980). Effective January 1, 1980, Rule 24.02 required more. Not only must a court determine that a defendant understands his or her rights, it must personally inform him or her of those rights in open court. In discussing procedures at guilty plea hearings, the *Bran-*

---

**2.** We added the emphasis.

*studer* court said, "[T]he detail of ritual was meant to subserve the reality of a basis in fact for the offense charged to which the pleader accedes with a free will and with understanding." Though minimal, the ritual detailed in Rule 24.02 (the court's personally informing the defendant of his rights in open court) cannot be excused because of its significance in subserving the interests of justice.

Nonetheless, unless Dean was prejudiced by the violation, he does not make a legitimate claim for a remedy pursuant to Rule 24.035. Unless Dean can establish that the circuit court's failure to inform him personally of his rights rendered his plea involuntary or unintelligent, he has not established a right to have the judgment accepting his plea set aside. His constitutional guarantee is not a flawless procedure. His constitutional guarantee is that his plea of guilty will not result in a judgment against him unless the plea is voluntary and knowingly made.

We remand his case, therefore, for an evidentiary hearing. The circuit court shall, after hearing evidence, prepare findings of fact and conclusions of law concerning whether the violation of Rule 24.02 and the other matters of which Dean complains rendered his plea involuntary and unintelligent and order the appropriate remedy.

All concur.