**Tracy OLIVER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 21856.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 28, 1998.

Gary E. Brotherton, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

GARRISON, Presiding Judge.

Tracy Oliver ("Movant") was charged, by substitute information in lieu of indictment, with two counts of selling cocaine. His jury trial commenced on March 17, 1995, but after opening statements, one of the defense attorneys [1] announced that Movant wanted to withdraw his plea from not guilty to guilty. Although the impetus for this change is not precisely described in the record before us, it appears that the defense had just discovered that Officer Chris Graves ("Officer Graves"), who was scheduled to testify for the State about his observations while conducting surveillance of the drug sales allegedly made by Movant, was the same officer who had been involved in an earlier assault case against Movant and could positively identify him. This revelation apparently had a significant effect on the defenses' assessment of the chances of successfully defending the case. Movant did plead guilty and was sentenced to two concurrent prison terms of ten years each.

---

1. Apparently Movant was then being represented by four appointed counsel.

Movant then filed a motion pursuant to Rule 24.035,[2] which was subsequently amended by appointed counsel. In his amended motion, Movant alleged, among other things, that he had been denied due process of law in that the trial court failed to comply with Rule 24.02 before accepting his guilty plea by failing to personally address him in open court and inform him of his rights. He also alleged that his defense attorneys were ineffective because, although the identity of Officer Graves as a potential witness had been disclosed prior to trial, they did not investigate to discover that he would positively identify Movant until the morning of trial. Those motions were summarily denied by the motion court without making any specific findings of fact or conclusions of law. This court reversed that denial and remanded the case to the motion court for compliance with the requirements of Rule 24.035(j). *Oliver v. State*, 936 S.W.2d 242, 244 (Mo.App. S.D. 1996). Thereafter, the motion court entered an Order and Judgment denying the Rule 24.035 motions without an evidentiary hearing. Movant appeals that ruling.

 Appellate review of the denial of a Rule 24.035 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc 1989). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.* at 695–96. To be entitled to an evidentiary hearing pursuant to a Rule 24.035 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the factual allegations must not be refuted by the record; and the matters complained of must prejudice the movant. *Vernor v. State*, 894 S.W.2d 209, 210 (Mo.App. E.D.1995).

We first consider Movant's second point on appeal in which he contends that the motion court erred in denying, without an evidentiary hearing, the contention in his amended Rule 24.035 motion that his attorneys were

ineffective by failing to interview Officer Graves prior to the morning of trial. He argues that he was represented by more than one public defender; that up until the morning of trial, his attorneys believed that his case was "winnable;" that after the parties selected a jury and made their opening statements, Movant's attorneys decided that his case was not even "triable" due to the newly discovered and devastating testimony that would be offered by Officer Graves; that Movant's attorneys knew of the officer's existence through discovery, but that it was only when counsel learned the morning of trial that the officer would positively identify Movant as the perpetrator of the offense that they changed their advice to Movant; that pursuant to such advice, Movant pleaded guilty; that the attorneys were ineffective in failing to contact, interview or depose the officer prior to the morning of trial; and that but for the attorneys' ineffectiveness, Movant would have insisted on proceeding to trial.

 A claim of ineffective assistance of counsel requires that a defendant show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, *and that the Defendant was prejudiced thereby. Strickland v. Washington*, 466 U.S. 668, 694–95, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). (emphasis added). A court need not determine the performance component before examining for prejudice. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.banc 1987) (citing *Strickland*, at 686, 104 S.Ct. 2052). If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so. *Id.* In a guilty plea case, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made. *Id.* In order to show prejudice in a guilty plea case, a movant must prove that, but for the errors of counsel, he would not have pled guilty and would have demanded a trial. *State v. Roll*, 942 S.W.2d 370, 375 (Mo.banc 1997).

---

**2.** All rule references are to Missouri Rules of Criminal Procedure (1998) unless otherwise indicated.

In his amended motion, Movant alleged generally that his guilty plea "was the result of coercion," and that his counsel "pressured movant into a guilty plea under fear they would lose if they continued to proceed." He also alleged that he was prejudiced by the failure to interview Officer Graves prior to trial because the late discovery "resulted in a last-minute, forced plea bargain of ten (10) years on each count, to run concurrently." He then alleged that had his counsel interviewed and deposed Officer Graves prior to trial, "there is a reasonable probability movant would not have pleaded guilty and insisted on going to trial."

These claims are not only couched in conclusory terms, but the record also refutes them. The record reveals that Movant assured the trial court that he was pleading guilty because he was guilty, he had not been coerced or forced to plead guilty, and that he had no complaints or criticisms about his attorneys. It also reveals that he received the same plea bargain which had been offered earlier by the prosecutor.

■ It is Defendant's responsibility to demonstrate that the information which he alleges should have been discovered would have aided or improved his position. *Yoakum v. State*, 849 S.W.2d 685, 688 (Mo.App. W.D.1993). Movant's complaint is the timing of the discovery of Officer Graves' anticipated testimony. There is no indication that having the information about Officer Graves earlier would have changed his decision about pleading guilty. He does not allege any facts which are not refuted by the record and which, if true, would entitle him to relief. Movant has failed to establish a right to an evidentiary hearing on the matters complained of in this point. This point is, therefore, denied.

In his other point on appeal, Defendant asserts that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because his guilty plea was accepted in violation of Rule 24.02, which governs the procedure that a court must follow to accept a plea of guilty. Rule 24.02(b) provides, in part, that the court must address the defendant *personally in open court, and inform him of, and determine*

*that he understands* (several rights accorded to him including) the following: 1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law . . .; 3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury *and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself;* and 4) that if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

During the guilty plea hearing in this case, the following exchange took place:

Court: Mr. Oliver, I've been handed a petition to enter a plea of guilty, which was handed—you handed to me with a signature at the bottom of it. Did—Is this your signature at the bottom of each one of those pages, Mr. Oliver?

Defendant: Yes, sir, it is.

Court: Mr. Robbins, did you go over these various rights he has with him?

[Defense]: Today and in earlier times, Judge.

Court: Do you understand these rights that you are given [sic] up at this time? Since we are in the middle of a trial, I assume that you do; is that correct?

Defendant: Yes, sir.

Court: Now, a jury has already been summoned, so you understand about this—this right to a jury?

Defendant: Yes.

Court: And a change of judge. You've been through all this. Do you understand that?

Defendant: Correct, sir.

Court: Do you still want me to accept your plea of guilty?

Defendant: Yes, sir.

■ In denying the motions without an evidentiary hearing, the motion court pointed out that the trial judge asked Movant's attor-

ney if he had gone over Movant's various rights with him; that counsel told the trial court that he had gone over the rights on that day and on earlier times; that the trial court asked, and Movant affirmed, that he understood the rights that the attorney had gone over with him; that the trial judge "asked [Movant] specifically about his right to a jury trial and the [Movant] answered that he understood this right; and that Movant both read, understood, and signed a "Plea Petition" that explained his rights with great detail. At no time, however, did the trial court inform Movant personally in open court of his right to confront and cross-examine witnesses against him during trial, or his right not to be compelled to incriminate himself; instead it relied on both the attorney's counseling of Movant and the "Plea Petition" that set forth the rights in writing.

In *Dean v. State*, 901 S.W.2d 323, 327 (Mo.App. W.D.1995), the court held that giving the defendant a written petition outlining his constitutional rights and relying on defendant and defense counsel's representation that he had been informed of and understood those rights did not meet the requirement of Rule 24.02 that a court personally inform a defendant of his rights. This is essentially what the court did in this case. Although the trial court asked Movant personally in open court whether he understood his rights, it did not inform him of the nature of those rights. Rule 24.02(b), however, requires that a court *personally inform the defendant of his or her rights in open court.*

In *Dean* the court said:

The Supreme Court obviously did not want to entrust to anyone other than the court the extremely important determination that a defendant's plea was voluntarily and knowingly made. The best way to ascertain that a defendant was acting voluntarily with sufficient knowledge and awareness was for the court, personally in open court while the defendant stood before it, to inform the defendant of his or her rights and then to determine whether the defendant waived those rights and understood the nature of the proceeding. Although a writing can inform an individual of his or her rights, the court cannot determine that the individual truly understands those rights unless it follows Rule 24.02's mandate that it inform the individual of those rights personally in open court.

*Id.* at 327. *See also Johnson v. State*, 962 S.W.2d 892, 896 (Mo.App. E.D.1998), in which the court held, in referring to a Petition To Enter A Plea Of Guilty and the requirements of Rule 24.02, that "[w]hile such a document may be used to supplement the court's personal admonishment to the defendant, it may not be the sole mechanism for determining whether a defendant's guilty plea is an informed decision."

Rule 24.02 does not mandate a *"particular ritual."* *Dean*, 901 S.W.2d at 327. The Court must address the defendant personally in open court, and inform him of, and determine that he understands the specific information enumerated in the rule. *State v. Taylor*, 929 S.W.2d 209, 216 (Mo.banc 1996). This information includes both the right to confront and cross-examine witnesses, and his right against compelled self-incrimination. Rule 24.02(b)(3). Because the trial court failed to personally inform Movant of these rights and determine that he understood them, it failed to comply with the requirements of Rule 24.02.

The trial court's assumption that Movant understood his rights because he was in the "middle" of a trial was unfounded. Movant pleaded guilty only after opening statements, and thus the trial had not moved to the stages that could have demonstrated the exercise of the rights enumerated in Rule 24.02(b). This court passes no judgment on how such facts, had they occurred, would affect Rule 24.02 and its application.

The State cites *Wedlow v. State*, 841 S.W.2d 214 (Mo.App. W.D.1992), in support of its position that the trial court fulfilled the requirements of 24.02. The court stated in *Wedlow*, that "the movant does not have a right to be specifically informed of each detail of the trial by jury that he is waiving." *Id.* at 217. However, the defendant in *Wedlow* was complaining that he was not informed of the possibility that the jury could be instructed on a lesser-included offense. This is a right that is not expressly referred

to in Rule 24.02. In the instant case, the trial court failed to personally inform Movant of the rights enumerated in Rule 24.02 and determine that he understood them.

We conclude that the motion court clearly erred in denying Movant an evidentiary hearing on whether he was prejudiced by the trial court's failure to comply with Rule 24.02 as alleged in his 24.035 motions. He is entitled to an evidentiary hearing to determine if the Rule 24.02 violation rendered his plea involuntary or unintelligent. *See Dean*, 901 S.W.2d at 328. We reverse the denial, without an evidentiary hearing, of that portion of his motions alleging violations of Rule 24.02, and remand for an evidentiary hearing consistent with this opinion. The motion court's order is otherwise affirmed.

PREWITT and CROW, JJ., concur.