**Terry Cleo GEORGE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 75294.**

Missouri Court of Appeals,
Western District.

July 23, 2013.

---

Laura Martin, Kansas City, MO, for Appellant.

Andrew Hooper, Jefferson City, MO, for Respondent.

Before JAMES EDWARD WELSH, C.J., GARY D. WITT, J., and ZEL FISCHER, SP. J.

JAMES EDWARD WELSH, Chief Judge.

Terry Cleo George appeals the circuit court's judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. George alleges that the circuit court clearly erred in denying his motion without an evidentiary hearing because he alleged facts, which, if true, would entitle him to relief, which were not refuted by the record, and which established that he was prejudiced. Specifically, George alleged in his motion that his plea attorney provided ineffective assistance of counsel when counsel failed to explain the meaning of the word "consecutive" in regard to sentencing. He also alleged that the plea court failed to advise him of the maximum punishment that he would receive for the three offenses of class D felony of nonsupport. We affirm.

On October 30, 2009, George pled guilty to three counts of class D felony of nonsupport for failing to pay child support. The circuit court sentenced George to two concurrent four-year terms of imprisonment to run consecutively to another four-year term of imprisonment but suspended execution of the sentence and placed George on probation for five years. On May 11, 2011, George's probation was revoked, and the circuit court executed George's sentence.

Thereafter, George filed a Rule 24.035 motion and an amended motion for post-conviction relief and requested an evidentiary hearing. George alleged that his plea counsel was ineffective by failing to explain the meaning of the word "consecutive" in regard to sentencing. Further, George alleged that he was prejudiced by counsel's deficient representation because, had he known that his sentences would run consecutively, he would not have pleaded guilty but would have instead proceeded to trial. George also alleged that the plea

court failed to advise him of the maximum punishment he could receive for the three offenses of class D felony of nonsupport in violation of Rule 24.02(b)(1). As a result, George alleged that his guilty plea was unknowing and involuntary. On April 23, 2012, the circuit court denied George's motion without an evidentiary hearing and found that George's claims were refuted by the record. George appeals.

▮ Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether or not its findings and conclusions are clearly erroneous. Rule 24.035(k). To be entitled to an evidentiary hearing on a motion for post-conviction relief: (1) the movant must allege facts—not conclusions—which, if true, warrant relief; (2) the facts alleged must establish that the movant's case was prejudiced; and (3) the facts must not be refuted by the record. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). The circuit court may deny an evidentiary hearing if any of these elements is missing. *Coke v. State*, 229 S.W.3d 638, 641 (Mo. App.2007).

George asserts that the circuit court clearly erred in denying his motion without an evidentiary hearing because he alleged facts, which, if true, would entitle him to relief, which were not refuted by the record, and which established that he was prejudiced. In particular, he alleged in his motion that his plea attorney provided ineffective assistance of counsel by failing to explain the meaning of the word "consecutive" in regard to sentencing.

The record in this case clearly refutes George's claim. At the beginning of the plea hearing, George's attorney stated on the record what the plea agreement was in regard to punishment for the three offenses. George's attorney said:

Judge, on Mr. George, the state is—he is charged with three counts of the Class D felony of nonsupport. In exchange for his guilty plea on those three counts, the state would be recommending a four-year period of incarceration in the Department of Corrections on each count with a suspended imposition of sentence—no—the suspended execution of sentence—I'm sorry—on those four-year sentences, with those sentence to run—Counts I and II are to run concurrently, Count III is to run consecutively to Counts I and II, *for a total of eight years* in the Department of Corrections, with the—all the general terms and conditions of probation.[1]

The State further confirmed that this was also its understanding of the agreement.

George testified at the hearing that he was pleading guilty to all three counts based upon that agreement. He said that he and his plea counsel had gone through a written petition to enter a plea of guilty and that he had signed every page of the petition. George stated that he was pleading guilty to three counts of the class D felony of nonsupport and that everything stated in the petition was true. In the petition to enter a plea of guilty, George said that he failed to pay his child support obligations from 2006 through 2008. Further, in the written petition to plead guilty, George stated that he understood that by entering a plea of guilty that the State would recommend a four year sentence on all counts with Count I and II being

served concurrently and with Count III being served consecutively to Counts I and II.

■ "[W]here a guilty plea proceeding directly refutes the claim that an appellant's plea was involuntary, the appellant is not entitled to an evidentiary hearing." *Nesbitt v. State,* 335 S.W.3d 67, 69 (Mo. App.2011); *Grace v. State,* 313 S.W.3d 230, 233 (Mo.App.2010). The record establishes that George's plea counsel clearly outlined the plea agreement at the hearing and stated that one of the sentences would run consecutively with the other two sentences. Plea counsel stated that under the plea agreement, in exchange for George's plea of guilty, the State would recommend a four year sentence for Counts I and II, which would run concurrently and would recommend a four year sentence for Count III, which would run consecutively with Count I and II. Plea counsel specifically said that sentences would be "for a total of eight years in the Department of Corrections." Plea counsel made these statements in front of George, and George did not indicate that plea counsel had misstated the agreement. In fact, George testified that he was pleading guilty to all three counts based upon that agreement. Moreover, in the written petition to enter a plea of guilty, George stated that he understood that, by entering a plea of guilty, the State would recommend a four year sentence on all counts with Counts I and II served concurrently but consecutively to Count III.[2]

1. We added the emphasis.

2. George contends that this court's decision in *Dean v. State,* 901 S.W.2d 323 (Mo.App. 1995), is very similar to his case and supports the conclusion that the plea petition is of no value in defeating his claim. In *Dean,* this court ruled that the plea court could not rely solely upon a plea petition when accepting a defendant's guilty plea. *Id.* at 327. In this case, however, the record demonstrates that

the plea court did not rely solely upon the plea petition to determine that George understood the meaning of the term "consecutively." The court asked plea counsel to describe the plea agreement, and plea counsel did so in a manner that George could understand that the State would recommend three four-year sentences and that he would be imprisoned for eight years.

■ The relevant determination is not whether counsel recited the dictionary definition of the word "consecutive" to George or whether George could parrot that definition to the sentencing court. Rather, the relevant determination is did George understand that, as a result of the plea, he was going to prison for eight years. The plea petition serves as a valuable tool in assisting the trial judge in making that determination at the plea hearing. Although the plea petition is not a substitute for the eyes-on, personal interaction between the trial judge and the defendant as required by Rule 24.02(b), it is a valuable tool in the process. The record in this case clearly refutes George's contention that his plea attorney was ineffective for failing to explain the meaning of the term "consecutive."

George also complains that the plea court failed to advise him of the maximum punishment that he would receive for the three offenses as required by Rule 24.02(b)(1). Indeed, Rule 24.02(b) says:

Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and *the maximum possible penalty* provided by law[.]" [3]

The written petition to enter a plea of guilty informed George that the maximum punishment for one count of criminal non-support was four years.[4] Section 558.011.1(4), RSMo Cum.Supp.2012, states that the term of imprisonment for a class D felony is "a term of years not to exceed four years." George pleaded guilty to three counts of criminal nonsupport. Thus, twelve years was the maximum punishment.

■ Although the plea court did not inform George, in open court, of the maximum possible penalty provided by law as required by Rule 24.02(b)(1), the "court's failure to follow Rule 24.02(b)(1) in every respect does not necessarily constitute prejudicial error." *Thurman v. State*, 263 S.W.3d 744, 748 (Mo.App.2008). The facts establish that George was not prejudiced by the plea court's failure to inform him that he could potentially face a maximum sentence of twelve years if all sentences were run consecutively. George received a total of eight years under the plea agreement rather than the maximum sentence of twelve years. Thus, the record refutes George's claim that his plea was rendered involuntary because he did not have knowledge that the maximum punishment for the offenses to which he was pleading was twelve years. Any contention that he would have withdrawn his plea of guilty had he known that he could receive a sentence of twelve years rather than the eight years he bargained for and received is illogical. Moreover, as we previously noted, the record establishes that George's plea counsel clearly outlined the plea agreement at the hearing and stated that

---

3. We added the emphasis.

4. George conceded in his amended motion for post-conviction relief and in his brief on appeal that the plea court informed him of the range of punishment for "both of the individual offenses" but failed to inform him that the sentences could be run consecutively. Given that George was charged and pleaded guilty to three counts of nonsupport and given that he concedes that the court informed him of the range of punishment on at least two of the counts, we have a hard time comprehending how he would not have had an understanding of the range of punishment on the remaining count.

one of the sentences would run consecutively with the other two sentences. Plea counsel specifically said that sentences would be "for a total of eight years in the Department of Corrections."

George failed to allege facts entitling him to relief that are not refuted by the record. The circuit court, therefore, did not clearly err in denying George's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We affirm.

All concur.