

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| RYAN G. BEAMGARD, | ) | |
| Appellant, | ) | **WD82891** |
| v. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | **FILED: August 11, 2020** |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF LAFAYETTE COUNTY
### THE HONORABLE DENNIS A. ROLF, JUDGE

### BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE,
### CYNTHIA L. MARTIN AND THOMAS N. CHAPMAN, JUDGES

Ryan Beamgard appeals the judgment denying his Rule 24.035 motion without an evidentiary hearing after he pled guilty to six offenses. He contends the record does not refute his claim that the court's failure to inform him of the possibility of consecutive sentences rendered his plea involuntary and not knowingly made. Because the record does not conclusively refute Beamgard's claim, the judgment is reversed, and the case is remanded for an evidentiary hearing.

### FACTUAL AND PROCEDURAL HISTORY

In May 2016, Beamgard unlawfully entered an apartment in the middle of the night and assaulted one victim by shooting at him, which resulted in the death

of another victim.  Following the assault and murder, Beamgard left the apartment and unlawfully took a vehicle that had been left running at a nearby convenience store.  He was subsequently indicted for second-degree murder (Count I); armed criminal action (Count II); first-degree assault (Count III); armed criminal action (Count IV); first-degree burglary (Count V); and first-degree tampering (Count VI).

Beamgard entered an open guilty plea to these charges in May 2018. During the guilty plea hearing, Beamgard stated that he understood the charges filed against him, that he was waiving his right to a jury trial, and that he was pleading guilty because he was, in fact, guilty.  After Beamgard admitted to the factual basis for each charge, the court asked him if he understood the range of punishment for each count:

> Do you understand the range of punishment on Count I to be ten to 30 or life; on counts II and IV, not less than three years in the Department of Corrections and no limit; Count II [*sic*], five to 15 years in the Department of Corrections; and Count III is five to 15, as is Count V; and Count VI is up to seven years in the Department of Corrections or up to one year in the county jail and/or up to a $5,000 fine?

Beamgard replied that he understood.

After confirming with defense counsel that this was an open plea, the court and Beamgard had the following exchange:

> Q.     You understand, sir, that this is an open plea.
>
> A.     Yes.

2

Q.     That means that there is not going to be a plea agreement reached today?

A.     Yes.

Q.     That means what we're going to do is I'm going to accept your plea of guilty today, and then we are going to come back at a later date and determine what the punishment is going to be?

A.     Yes, sir.

Q.     But you will be found guilty today.  Do you understand that?

A.     Yes, sir.

Q.     Which means if you don't like the ultimate resolution, you can't say, Judge, hey, I don't want to plead guilty anymore, because that is already going to be done today and now we are just going to continue it --

A.     Yes, sir.

Q.     -- to get the information for -- to determine what the sentence is going to be.

A.     Yes, sir.

Q.     Do you understand that you could potentially get the maximum across the board?

A.     Yes, sir.

Q.     I'm not saying that is going to happen, but you need to be aware that the risk is a possibility?

A.     Yes, sir.

3

Beamgard denied that defense counsel had made any promises to him with regard to what the "final outcome" of his case would be. The court explained that the sentencing decision was up to the court, and the court would not know what the outcome would be until after it had received the sentencing assessment report. The court accepted Beamgard's plea after finding that he voluntarily, intelligently, and knowingly entered it.

During the subsequent sentencing hearing in early July 2018, defense counsel stated that Beamgard was "well aware" that the charges were "very serious" and carried "some very serious punishments." Defense counsel also stated that Beamgard was "well aware" that he would get a "high sentence" even though he pled guilty. Defense counsel indicated that he knew that concurrent sentences were the court's "general policy" for guilty pleas, but he acknowledged that "this is not your everyday case either." Defense counsel requested that Beamgard's sentences run concurrently and that Beamgard receive a sentence of "20-something years." The State asked that Beamgard's sentences run consecutively.

On Counts I and II, the court imposed sentences of thirty years on each count, to run concurrently to each other; fifteen years each on Counts III and IV, to run concurrently to each other but consecutively to the sentences on Counts I and II; fifteen years on Count V, to run consecutively to the other counts; and seven

years on Count VI, to run concurrently to the other sentences. As a result, Beamgard was sentenced to a total of sixty years' imprisonment.

Beamgard filed a *pro se* Rule 24.035 motion, which was later amended by appointed counsel. In his amended motion, Beamgard asserted that his plea was not voluntary and knowingly made because the court did not inform him that his sentences could run consecutively and, therefore, violated Rule 24.02(b)(1)'s requirement to advise him of the maximum possible penalty provided by law. Beamgard alleged that, had he understood that consecutive sentences were a possibility, he would not have pled guilty.

The motion court entered its judgment denying Beamgard's Rule 24.035 motion without an evidentiary hearing after finding that the record refuted his claim. Beamgard appeals.

### STANDARD OF REVIEW

We review the denial of a post-conviction motion for clear error. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that a mistake was made. *Dobbins v. State*, 187 S.W.3d 865, 866 (Mo. banc 2006).

### ANALYSIS

In his sole point on appeal, Beamgard contends the motion court clearly erred in denying his motion without an evidentiary hearing. He argues that his claim that he entered his plea without an understanding that the court could run his sentences consecutively is not refuted by the record. Beamgard asserts that

5

he was prejudiced because, if he had understood that consecutive sentences were a possibility, he would not have pled guilty but would have proceeded to trial.

To be entitled to an evidentiary hearing on a post-conviction motion, (1) the movant must allege facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the record; and (3) the matters complained of must have prejudiced the movant. *Booker v. State*, 552 S.W.3d 522, 526 (Mo. banc 2018). The motion court "can deny an evidentiary hearing if any of the three prongs is not satisfied." *Jaegers v. State*, 310 S.W.3d 313, 314 (Mo. App. 2010).

In his motion, Beamgard claimed that his guilty plea was not knowingly and voluntarily made because the court violated Rule 24.02(b)(1) by not advising him of the maximum penalty he faced for his offenses. Specifically, he alleged that, based on the court's recitation of the range of punishment for each charge during his guilty plea and the fact that the court did not say it could run his sentences consecutively to each other, he believed his sentences would run concurrently.

Rule 24.02(b)(1) requires that, before accepting a guilty plea, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, "[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Our Supreme Court has addressed whether the court must inform a defendant that his sentences may run consecutively before accepting a guilty plea. In *State v. Bursby*, 395 S.W.2d 155, 157 (Mo. 1965), two defendants were charged jointly in one information with two

6

burglary counts and one stealing count. At the time, there was a general rule that "an accused may not be charged, tried and convicted at the same time of two separate and distinct offenses," but there was an exception allowing a burglary charge and a related stealing charge to be joined in one information and tried in one trial. *Id*. at 157-58. The defendants declined the appointment of counsel, pled guilty, and were given three four-year sentences, to run consecutively. *Id*. at 157. The defendants sought to vacate their sentences because they thought they were pleading guilty to only one offense instead of three offenses for which the court could impose consecutive sentences. *Id*.

On appeal, the Supreme Court stated that "[t]he question here is whether the defendants had that knowledge and understanding of the consequences of their plea essential to a valid plea of guilty." *Id*. at 159. The Court noted that Rule 25.04, which was the predecessor to our current Rule 24.02, stated, "The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." Construing the rule, the Court held that, when a defendant is pleading guilty to more than one charge:

> [T]he court should question carefully the accused to determine that he is fully informed and correctly understands (1) that he is not charged with only one offense, but that he is charged with more than one, and, (2) that he may and will be sentenced on each and all and the minimum and maximum punishment for each, *and that the sentences may run concurrently or consecutively*.

7

*Id.* (emphasis added). *See also Wiley v. State*, 522 S.W.2d 41, 42-43 (Mo. App. 1975).

The State insists that *Bursby* is "of limited application to modern cases" because Rule 25.04 uses "substantially different language than the modern" Rule 24.02. Since the enactment of Rule 24.02, however, intermediate appellate courts have continued to recognize the applicability of *Bursby*'s requirement that the court inform the defendant of the possibility that the sentences may run consecutively in cases where the defendant is pleading guilty to multiple counts. *See, e.g., Stark v. State*, 553 S.W.3d 378, 384 n.2 (Mo. App. 2018); *Bridgewater v. State*, 458 S.W.3d 430, 433 n.3 (Mo. App. 2015); *Holland v. State*, 954 S.W.2d 660, 662 (Mo. App. 1997); *Payne v. State*, 864 S.W.2d 17, 19 (Mo. App. 1993).

Continuing to require the court to inform a defendant of the possibility of consecutive sentences comports with the plain language of Rule 24.02(b)(1), which requires the circuit court to inform the defendant of, and determine that the defendant understands, "the maximum possible penalty provided by law." Running sentences consecutively rather than concurrently can significantly increase, and in some cases double or triple, the defendant's total sentence. *See George v. State*, 403 S.W.3d 709, 713 (Mo. App. 2013) (finding that the court failed to follow Rule 24.02(b)(1)'s requirement of informing the defendant of the maximum possible penalty when it told the defendant, who was pleading guilty to three counts of the same offense, only what the maximum punishment was for one count and not the total for all three). *See also Elverum v. State*, 232 S.W.3d

8

710, 716 (Mo. App. 2007) (finding that the court failed to explain the full range of punishment where the court never informed the defendant of the minimum sentence or the that the sentences could run consecutively).[1]  Here, the court's structuring some of Beamgard's sentences to run consecutively increased his total sentence from thirty years to sixty years.  Thus, in cases where a defendant is pleading guilty to multiple charges, advising the defendant of only the maximum sentence for each charge without advising that the sentences could run consecutively does not inform the defendant of the "maximum possible penalty."

The State asserts that the plea hearing transcript shows that the circuit court "implicitly alerted" Beamgard of its discretion to impose consecutive sentences.  The State notes that, after advising Beamgard of the range of punishment for each of the charges, the court asked him, "Do you understand that you could potentially get the maximum across the board?"  Beamgard replied, "Yes, sir."  The State argues that, although the court did not use the word "consecutive," the phrase "maximum across the board" informed Beamgard that he could get the "maximum possible sentence" under the open guilty plea.  We disagree.  In this context, the phrase "across the board" means "embracing or affecting all classes or categories."  *Across-the-Board,* Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/across%20the%20board

---

[1] *But see Horton v. State*, 779 S.W.2d 701, 702-03 (Mo. App. 1989) (relying only on federal law to hold that the "failure to advise an accused that his sentences may run consecutively is not a 'consequence' of the plea concerning which the court must first address the defendant before accepting the plea").

(last visited August 5, 2020).  Thus, while it is clear that the court's advising

Beamgard that he could get the "maximum across the board" warned him that he

could get the *maximum possible sentence on each of his offenses*, we fail to see

how it "implicitly alerted" him that the court could run the sentences

consecutively.  The plea hearing transcript does not refute Beamgard's contention

that the court did not inform him that he could receive consecutive sentences.

"An evidentiary hearing may only be denied when the record *conclusively* shows

that the movant is not entitled to relief."  *Roberts v. State,* 276 S.W.3d 833, 835

(Mo. banc 2009) (citation omitted).

The court's failure to comply with the formal requirements of Rule

24.02(b)(1) alone, however, does not entitle Beamgard to relief.  *Dean v. State*, 901

S.W.2d 323, 328 (Mo. App. 1995).  Beamgard must demonstrate that he was

prejudiced by that failure.  *Id*.  As we explained in *Dean*, a defendant's

"constitutional guarantee is not a flawless procedure"; instead, a defendant's

"constitutional guarantee is that his plea of guilty will not result in a judgment

against him unless the plea is voluntary and knowingly made."  *Id*.

The State argues that defense counsel's arguments requesting concurrent

sentences during the sentencing hearing show that, even if the court did not

advise him of the possibility of consecutive sentences, Beamgard understood that

the sentences could run consecutively.  The sentencing hearing occurred over a

month after the guilty plea hearing.  Defense counsel's statements during the

sentencing hearing do not conclusively refute Beamgard's claim as to what his

understanding was at the time he entered his guilty plea. *Elverum*, 232 S.W.3d at 716.

Beamgard is entitled to an evidentiary hearing, at which he has the burden of establishing that the court's failure to inform him of the possibility of consecutive sentences rendered his plea involuntary or not knowingly made. After hearing evidence, the motion court shall prepare findings of fact and conclusions of law concerning whether the violation of Rule 24.02 rendered Beamgard's plea involuntary or not knowingly made and order the appropriate remedy.

### CONCLUSION

The judgment is reversed, and the case is remanded for an evidentiary hearing.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.

11