**Dwight REID, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 19112.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 7, 1994.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Presiding Judge.

Movant Dwight Reid appeals from a denial, after evidentiary hearing, of his Rule 24.-035 [1] motion seeking to vacate a judgment and sentence based on a plea of guilty to two counts of sodomy. Movant was sentenced to ten years' imprisonment on each count, the sentences to be served concurrently.

Movant's sole point is that he was entitled to relief on his motion, and the trial court erred in ruling otherwise, because his post-conviction counsel abandoned movant in that he did not obtain, until the day of the motion hearing, the transcripts of the guilty plea and sentencing hearings. For two independent reasons, this point has no merit.

■ Movant's point seeks to make a claim of ineffective assistance of post-conviction counsel and is thus unreviewable. In *State v. Hunter*, 840 S.W.2d 850 (Mo. banc 1992), the court said, at 871–872[51–53]:

"There is no constitutional right to counsel in a post-conviction proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). Consequently, there is no constitutional claim to ineffective assistance of post-conviction counsel. *Coleman*, at 752, 111 S.Ct. at 2566. Claims of ineffective assistance of post-conviction counsel are categorically unreviewable. *State v. Ervin*, 835 S.W.2d 905 (Mo. banc 1992); *Pollard v. State*, 807 S.W.2d 498, 502 (Mo. banc), cert. denied, —— U.S. ——, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991). The burden of error by

1. All references to rules are to Missouri Rules of    Court, V.A.M.R.

post-conviction counsel falls on the shoulders of the defendant, not on the State."

■ Further, the instant claim was not set forth in movant's pro se motion or in the amended motion filed by post-conviction counsel. "Claims which were not presented to the motion court cannot be raised for the first time on appeal." *Amrine v. State*, 785 S.W.2d 531, 535[8] (Mo. banc 1990). To similar effect see *Scroggins v. State*, 859 S.W.2d 704, 710[7] (Mo.App.1993).

The judgment is affirmed.

PREWITT and CROW, JJ., concur.