**Fred TURNER, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 22165.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 12, 1998.

Irene Karns, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Cheryl Caponegro Nield, Asst. Atty. Gen., for Respondent.

PREWITT, Presiding Judge.

Movant entered a plea of guilty to first-degree assault, and was sentenced to eleven years' imprisonment in the Department of Corrections. Thereafter, he filed a motion under Rule 24.035, seeking to vacate his conviction. Movant was appointed counsel who filed an amended Rule 24.035 motion and requested an evidentiary hearing. The circuit court made findings of facts, conclusions of law, and entered judgment denying the motion without an evidentiary hearing. Movant appeals.

Review of a Rule 24.035 motion is limited to determining whether the findings, conclusions and judgment are clearly erroneous. Rule 24.035(k). To warrant an evidentiary hearing on a postconviction relief motion, Movant must (1) plead facts warranting relief; (2) show these facts are not refuted by the record; and (3) demonstrate prejudice. *State v. Swims*, 966 S.W.2d 368, 369 (Mo. App.1998). Following the entry of a plea, to maintain a claim that counsel was ineffective, Movant must prove his counsel's performance was deficient and that prejudice resulted from the deficiency. *Bauer v. State*, 949 S.W.2d 248, 249 (Mo.App.1997).

Movant contends that his trial counsel in the criminal matter was ineffective, as counsel did not advise him "that he could utilize the SODDI (Some Other Dude Did It) defense" to attempt to cast doubt on the state's case by showing that another had committed the crime.

Before the trial court accepted Movant's plea, Movant was questioned extensively. Movant admitted that he had, in fact, committed the crime. We must assume that his attorney was also told this prior to the plea. The record made when the plea was made shows that Movant was fully advised of his rights by his attorneys, including the right to subpoena and call witnesses in his defense.

It borders on the ridiculous to believe that a mentally competent defendant in a criminal matter would not know that he could raise as a defense that someone else committed the offense. However, even if he did not, counsel could not be deemed ineffective in failing to so advise Movant, as Movant's counsel has taken an oath as a condition of admission to the Bar that he "will never seek to mislead the judge or jury by any artifice or false statement of fact or law." Rule 8.15. Movant admitted he committed the act, and for his attorney to elicit false or perjured testimony would be improper and the attorney certainly cannot be faulted for not doing so. Rules 4–3.3 and 4–3.4, likewise prohibit such conduct.

A lawyer should not, with intent to deceive a court, make a false statement or present false evidence. *In re Storment*, 873 S.W.2d 227, 230 (Mo.banc 1994). *See also* *State v. Weinstein*, 411 S.W.2d 267, 274–75 (Mo.App.1967)(attorney should never mislead a court by artifice).

Under the circumstances here, as Movant clearly admitted the crime, had the attorney attempted to raise the "Some Other Dude Did It" defense, it would have been improper and the attorney cannot be faulted for failing to do so. As the attorney in these circumstances should not have raised such a defense and, we presume, would not have, there is no ineffective assistance of counsel and no prejudice to Movant.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.