**Jeffrey COPAS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 57627.**

Missouri Court of Appeals,
Western District.

April 11, 2000.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista Boston, Asst. Atty. Gen., Jefferson City, for respondent.

HOLLINGER, Judge.

Jeffrey Copas appeals the denial of his Rule 24.035 motion without an evidentiary hearing. He argues that the motion court clearly erred because the record before the court did not refute the allegations that the plea court and his plea counsel failed to inform him a jury's verdict must

be unanimous, that the state carried the burden of proof at trial, and that his trial counsel wrongly informed him that he would have to prove his innocence if he proceeded trial.

Copas was charged by indictment, as a persistent offender, with driving while intoxicated, § 577.021,[1] and driving while revoked, § 302.321. On February 3, 1999, Copas pled guilty to driving while intoxicated. The state dismissed the charge for driving while revoked and recommended a four-year sentence for the driving while intoxicated charge. During the guilty plea hearing, the court advised Copas of his constitutional right to proceed to trial, questioned him about his satisfaction with his counsel's services, and insured that Copas understood the nature of the charge and the range of punishment. The court determined that Copas freely, voluntarily, and intelligently entered his guilty plea. After finding a factual basis for the plea, the court accepted his plea and sentenced Copas to four years in the department of corrections.

Copas timely filed his *pro se* Rule 24.035 motion. Appointed counsel filed an amended motion and requested an evidentiary hearing. The motion court issued its findings of fact and conclusions of law and denied the motion, including Copas' request for an evidentiary hearing. Copas timely appealed.

■ Copas contends that the failure of the plea court and plea counsel to inform him of, and establish that he understood, the burden of proof and jury unanimity requirements at trial rendered his guilty plea constitutionally infirm. He also asserts that his plea counsel affirmatively misadvised him about who would have the burden of proof at a trial. His motion further alleges that he would not have pled guilty and would have gone to trial if he had been fully advised or not misadvised as to these rights at trial.[2] He contends

---

1. All statutory references are to Revised Statutes of Missouri, 1994.

2. In the argument portion of his brief, Copas asserts that the plea court failed to cover each

that, as a result of the plea court's omissions, his guilty plea was not made knowingly, intelligently, and voluntarily as required by law. Alternatively, he claims that he was deprived of effective assistance by counsel's omissions and affirmative incorrect advice about a criminal defendant's rights associated with a trial.

■■■ On appeal, review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law by the court are clearly erroneous. Rule 24.035(k); *Reynolds v. State*, 994 S.W.2d 944, 945 (Mo. banc 1999). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record by the appellate court results in a definite and firm impression that a mistake has been made. *Id.* The movant who seeks avoidance of his guilty plea must demonstrate a reasonable probability that, but for counsel's errors, he would have insisted on a trial rather than entering a guilty plea. *Gilliland v. State*, 882 S.W.2d 322, 325 (Mo.App.1994). To be entitled to an evidentiary hearing, the movant must plead facts, not conclusions, warranting relief and demonstrate prejudice. He is not entitled to a hearing if the plea record refutes the facts alleged. *Turner v. State*, 979 S.W.2d 222, 223 (Mo.App.1998).

■■■ First, we address Copas' argument that the plea court had a duty to advise him that the state carries the burden of proof at a criminal trial and that a jury verdict must be unanimous to convict a defendant. The record reflects that the trial court did not advise Copas of these

constitutional elements of a trial. Rule 24.02(b) requires the plea court to personally address the defendant prior to accepting the guilty plea and inform the defendant of, and determine that the defendant understands, several factors, including the right to a jury trial, the nature of the charge and range of punishment, the right to counsel if not represented, the right to confront and cross-examine witnesses, the privilege against self-incrimination, and that by pleading guilty the right to a trial is waived.[3] These requirements are obviously not inclusive of all aspects and incidents of a trial. However, "[w]hen a movant understands that by pleading guilty he is waiving the right to a jury trial, the movant does not have a right to be specifically informed of each detail of the trial by jury that he is waiving." *Wedlow v. State*, 841 S.W.2d 214, 217 (Mo.App.1992).

■■■ In this case, the plea court advised Copas of his right to trial and explained to him that he waived his right to trial by pleading guilty. Copas indicated that he understood he waived his right to a trial by making his guilty plea. The court did not have a duty mandated by constitutional principle, statute or rule to provide Copas with every detail of the jury trial he agreed to waive. Rule 24.02(b) makes no specific reference to the state's burden of proof,[4] and therefore, the plea court was not required to explain this aspect of a jury trial to Copas. *Isom v. State*, 776 S.W.2d 63, 66 (Mo.App.1989) (determined plea voluntary and court did not commit plain error by failing to inform movant that state had burden of proof).[5] Nor does

issue a court is required to address under Rule 24.02(b). Specifically, Copas contends that the plea court did not inform him that he would have a right to confront the witnesses against him at trial. Copas did not assert this as a ground for relief in his Rule 24.035 motion. We will not consider it for the first time on appeal. *Reid v. State*, 877 S.W.2d 253, 254 (Mo.App.1994). He also failed to mention this claim in his point relied on, and therefore, this claim is not preserved for review in any event. *Kerr Const. Paving Co.,*

*Inc. v. Khazin*, 961 S.W.2d 75, 82 (Mo.App. 1997).

3. Other parts of Rule 24 require the court to make various determinations about any plea agreement and the voluntariness of the plea.

4. Conversely stated, Copas refers to the presumption of innocence; he makes no complaint about the degree of proof required.

5. We arrive at the same conclusion herein under a more stringent review than plain

the plea court have a duty to explain to a defendant that a jury verdict must be unanimous to convict. *See State v. Shafer,* 969 S.W.2d 719, 733 (Mo. banc 1998). Because the trial court had no such duty, there was no error in the ·denial of an evidentiary hearing on this ground. The trial court did not clearly err by failing to explain to Copas that, at trial, the state would bear the burden of proof and the jury verdict would have to be unanimous.

Next, we consider Copas' claim that he received ineffective assistance of counsel. Copas bases his ineffective assistance of counsel claim on plea counsel's failure to inform him of certain rights a criminal defendant possesses at trial and his allegation that his plea counsel affirmatively advised him that he would bear the burden of proof at trial. To prevail on a claim of ineffective assistance of counsel, the movant must establish that: (1) counsel provided deficient performance in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied,* 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994). In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial. *Redeemer v. State,* 979 S.W.2d 565, 569 (Mo.App.1998). Following a guilty plea, effective assistance of counsel is relevant only to the extent that it impacts the voluntariness of the plea. *Id.* The movant bears the burden of proving his post-conviction claims, including a claim of ineffective assistance of counsel, by a preponderance of the evidence. Rule 24.035(i); *Redeemer, supra.* When a movant for post-conviction relief claims he made his guilty plea involuntarily because counsel misled him, the test applied is whether movant's belief was reasonable. *Johnson v. State,* 962 S.W.2d 892, 896 (Mo. App.1998).

Copas fails to provide any legal authority to support his claim that he received ineffective assistance of counsel due to plea counsel's alleged failure by omission to inform him of the state's burden of proof at trial and the requirement of a unanimous verdict. Rule 24.02(b) details the advice a court must provide to the defendant prior to accepting a defendant's guilty plea. The elements discussed in Rule 24.02(b) have been held to be direct consequences of pleading guilty that a defendant must be informed of, and understand, in order for a guilty plea to be voluntary.[6] *Redeemer, supra; State v. Hasnan,* 806 S.W.2d 54, 56 (Mo.App.1991). In *Hasnan,* this court determined that it was logical to conclude that Rule 24.02(b) provides an exclusive list of the direct consequences of a guilty plea. *Supra.* This list does not include advice relating to the state's burden of proof or the necessity of a unanimous jury verdict for a conviction. Because these aspects of a jury trial are not required to be discussed under Rule 24.02(b), a guilty plea may be voluntary even if plea counsel, and the plea court as discussed above, fail to inform a defendant of these rights associated with a

error. Copas cites no authority and we have found none that mandates, no matter how advisable and prudent, that the trial court advise a defendant of this constitutional aspect of a jury trial as a condition of a valid guilty plea.

**6.** A criminal defendant waiving his right to a jury trial is a direct consequence of a guilty plea. Rule 24.02(b)(3) and (4); *Redeemer,* 979 S.W.2d at 573. Therefore, a defendant must understand that he waives his right to trial by pleading guilty in order for a plea to be voluntary. Copas does not claim he did not understand that he waived his right to trial by jury.

jury trial. Copas cites no authority suggesting that a plea is rendered involuntary because of the failure of counsel to advise the defendant of some aspect or element of a trial other than those specified in Rule 24.02(b).[7]

 In *Hasnan*, this court also discussed a definition of "direct consequences" developed through case law. *Id.* According to case law, direct consequences of a guilty plea " 'are those which definitely, immediately, and largely automatically follow the entry of a plea of guilty.' " *Id.* (internal citations omitted). Under this definition, a failure to inform a defendant about the burden of proof at trial and a unanimous jury verdict also does not fall into the category of direct consequences of a guilty plea. As discussed above, a movant possesses no right to be provided with each and every element of the jury trial he waives by pleading guilty. *Wedlow, supra.* Because a movant does not have a right to have every nuance of a jury trial explained to him, a movant's lack of knowledge about the requirement of a unanimous verdict does not rise to the level of a direct consequence of a guilty plea. "[C]ounsel only has an obligation to inform his or her client of the direct consequences of a guilty plea and no duty to inform the client of the collateral consequences of pleading guilty. Accordingly, counsel's failure to advise his or her client regarding collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance of counsel." *Redeemer, supra* at 572. Therefore, plea counsel in this case did not provide ineffective assistance merely by failing to inform Copas about each and every right that he would possess if he proceeded to trial.

 Copas also alleges that he received ineffective assistance of counsel by an affirmative misrepresentation on the part of his plea counsel. In his amended petition, Copas alleged that his plea counsel advised him "that it would be up to him to prove he was innocent." Copas asserts that he is entitled to an evidentiary hearing because the record does not refute this allegation of fact regarding ineffective assistance of counsel. In order for a movant to be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must meet three requirements: (1) movant must allege facts not conclusions which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the allegations of the movant must have resulted in prejudice. *Rollins v. State*, 974 S.W.2d 593, 595 (Mo.App.1998). The motion court need not conduct an evidentiary hearing if it determines "the motion and the files and records of the case conclusively show that the movant is entitled to no relief." Rule 24.035(h).

 The state does not even respond to this claim in its brief. It points to nothing in the record, and we have found nothing, that contradicts that allegation. Implausible as Copas' claim may seem, the record before us fails to refute the allegation that his plea was rendered involuntary by the affirmative misrepresentation of counsel about who would bear the burden of proof at trial. We need not determine whether knowledge of the burden of proof is a direct or collateral consequence of a guilty plea. This Court has previously pointed out that the distinction between direct and collateral consequences is unimportant and a different rule applies where counsel misinforms his client regarding a particular consequence and the client relies upon the misrepresentation in deciding to plead guilty. *Redeemer, supra.* If counsel affirmatively misrepresents a collateral consequence of pleading guilty to a defendant and the defendant relies upon that misrepresentation in making a decision to plead guilty, counsel's misrepresen-

---

7. F.R.C.P.11 requires no additional advice as to rights of which a pleading defendant must be advised. There is further authority that under proper circumstances even the failure of the court to advise of rights required to be addressed under Rule 24.02(b) may not render the plea involuntary. *Huffman v. State*, 703 S.W.2d 566, 569 (Mo.App.1986).

tation may result in an ineffective assistance of counsel.

The pleaded facts, taken as true, may support Copas' claim of ineffective assistance of counsel. *Id.* at 572. If counsel made a statement to Copas that he would have to prove his innocence, the statement may have affected Copas' decision to plead guilty, and consequently, the voluntariness of Copas' plea. We cannot say as a matter of law on the sparse record before us that Copas' belief was unreasonable or there was no prejudice. Therefore, an evidentiary hearing is necessary to determine if Copas received ineffective assistance of counsel.

This case illustrates the benefits of a plea court exceeding the minimum requirements when advising a defendant on the record during a guilty plea. *See Flood v. State,* 476 S.W.2d 529, 535–37 (Mo.1972) (concurring opinion of Judge Donnelly). Although no particular litany is **required,** a more extensive record than made here would obviate many challenges to guilty pleas and often dispense with the need to hold an evidentiary hearing. Where the plea court advises the defendant of other constitutional incidents of a trial than those required by Rule 24.02(b), the record refutes later allegations by a defendant that he was uninformed or misinformed of various consequences of pleading guilty.[8]

We reverse and remand for an evidentiary hearing on Copas' allegation that his plea counsel rendered ineffective assistance of counsel by affirmatively misrepresenting the state's burden of proof in a criminal trial.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.

---

8. A good example of a more extensive plea record can be found in the *Bench Book for Missouri Trial Judges,* Vol. VI, Sec. 43.5 "Guilty Plea Procedure," at pages 43–9 to 43–13.