Antonio NUNN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 58134.

Missouri Court of Appeals, Western District.

Aug. 1, 2000.

---

Andrew A. Schroeder, Kansas City, for appellant.

Troy Allen, Asst. Atty. Gen., Jefferson City, for respondent.

Before VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and LAURA DENVIR STITH, Judge.

JOSEPH M. ELLIS, Judge.

Antonio Nunn appeals the denial of his Rule 24.035 motion without an evidentiary hearing. He argues the motion court clearly erred in denying him an evidentiary hearing because the record before the court did not refute his allegations that his plea counsel provided ineffective assistance of counsel by affirmatively informing him that (1) he would only have to serve three-and-one half to four years in prison before being eligible for parole, and (2) no jury would acquit him of the charged offenses once it learned that he had been charged in a subsequent assault case.

Nunn was charged by indictment with robbery in the first degree, § 569.020,[1] burglary in the first degree, § 569.160, felony stealing, § 570.030, assault in the first degree, § 565.050, and two counts of armed criminal action, § 571.015, in Case No. CR96–73908. In Case No. CR97–06750, Nunn was charged by information with assault in the first degree, § 565.050, and armed criminal action, § 571.015. On February 2, 1998, the plea court held a plea hearing on both cases. At the hearing, Nunn pleaded guilty to robbery in the second degree, § 569.030, assault in the second degree, § 565.060, and two counts of armed criminal action, § 571.015, in Case No. CR96–73908. In exchange for Nunn pleading guilty to these charges, the State agreed to dismiss the charges of burglary in the first degree and felony stealing. The plea court sentenced Nunn to concurrent terms of fifteen years imprisonment for robbery in the second degree, seven years imprisonment for assault in the second degree, and three years imprisonment for each armed criminal action count. On the same date, Nunn also pleaded guilty to assault in the second degree and armed criminal action in Case No. CR97–06750. The court sentenced Nunn to seven years for assault in the second degree and three years for armed criminal action, to be served concurrently with each other and with the sentences imposed in Case No. CR96–73908.

Nunn filed a pro se Rule 24.035 motion for post-conviction relief on March 26, 1998. On June 8, 1998, appointed counsel for Nunn filed an amended motion seeking post-conviction relief and requesting an evidentiary hearing. The motion court issued its findings of fact and conclusions of law and denied the motion without an evidentiary hearing. Nunn timely appealed.

■ Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Rule 24.035(k); Reynolds v. State,* 994 S.W.2d 944, 945 (Mo. banc 1999); *Woods v. State,* 994 S.W.2d 32, 36 (Mo.App. W.D.1999). The motion court's findings of fact and conclusions of law are clearly erroneous only if the appellate court, after reviewing the entire record, has a definite and firm impression that a mistake has been made. *Reynolds,* 994 S.W.2d at 945.

■ In order for a movant to prevail on a claim of ineffective assistance of counsel, the movant must show that: (1) counsel supplied deficient performance in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) counsel's deficient performance resulted in prejudice to the movant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sams v. State,* 980 S.W.2d 294, 296 (Mo. banc 1998). If the movant fails to establish either the performance prong or the prejudice prong, the court need not consider the other prong. *Johnson v. State,* 5 S.W.3d 588, 590 (Mo.App. W.D.1999). After a defendant pleads guilty, the receipt of effective assistance of counsel is relevant only to the

1. All statutory reference are to RSMo (1994) unless otherwise indicated.

extent that it impacted the voluntariness of the plea. *Copas v. State*, 15 S.W.3d 49, 54 (Mo.App. W.D.2000). Under Rule 24.035(i), the movant must prove his post-conviction claims, including claims of ineffective assistance of counsel, by a preponderance of the evidence. Id.

 Rule 24.035 provides that a movant will receive an evidentiary hearing unless the files and records of the case conclusively demonstrate that the movant is entitled to no relief. *Rule 24.035(h)*. In order for a Rule 24.035 movant to be entitled to an evidentiary hearing, the movant must satisfy three requirements: (1) the movant must allege facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Rollins v. State*, 974 S.W.2d 593, 595 (Mo.App. W.D.1998). In situations where a movant has entered a plea of guilty, the movant demonstrates prejudice due to the ineffective assistance of counsel by showing that a reasonable probability exists that, but for plea counsel's errors, the movant would not have pleaded guilty and would have insisted on proceeding to trial. *Copas*, at 54; *Weston v. State*, 2 S.W.3d 111, 114 (Mo.App. W.D.1999). When a movant claims that he entered into this guilty plea involuntarily because counsel misled him, the test the court applies is whether the movant's belief was reasonable. *Copas*, at 54.

 Nunn's second point on appeal is dispositive and therefore, we address it first. Nunn argues he received ineffective assistance of counsel because plea counsel told him that no jury would acquit him of the charged offenses upon learning that he had "picked up" a new assault case, Case No. CR97–06750. Nunn claims he would not have pleaded guilty, but would have proceeded to trial, if he had understood at the time of the guilty pleas that evidence of other crimes is generally inadmissible because a defendant has a right to be tried only for the crimes charged.

The state confesses error as to this point, admitting that the record does not refute Nunn's claim and conceding that the issue should be remanded for an evidentiary hearing. We agree. There is nothing in the record to refute the contention and, accordingly, the case must be remanded for an evidentiary hearing.

In Nunn's first point, he claims that he received ineffective assistance of plea counsel because counsel affirmatively misrepresented to him the amount of time he would be required to serve in prison. Specifically, he asserts that plea counsel misled and coerced him into pleading guilty by affirmatively stating to him that, if he accepted the State's plea offer, he would serve only three-and-one-half to four years in prison before he would be paroled. Nunn alleges that he would not have pleaded guilty if he would have understood at the time of his guilty pleas that, under the departmental guidelines, he would have to serve as least five to six years in prison before he would be paroled. Nunn argues that he is entitled to an evidentiary hearing because the record does not refute his factual allegation that his attorney misrepresented the minimum time he would be required to serve.

A cursory review of the record suggests Nunn's allegations are not refuted by the record, particularly in light of this court's recent decision in *Copas*. However, we need not decide the issue inasmuch as we have already determined that the case must be remanded for an evidentiary hearing.

The motion court's judgment is reversed and the cause is remanded for an evidentiary hearing.

All concur.