Kelly COKE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 67580.

Missouri Court of Appeals,
Western District.

July 31, 2007.

### ORDER

Rosalynn Koch, Columbia, MO, for appellant.

Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, Mo, for respondent.

Before SPINDEN, P.J., BRECKENRIDGE and SMART, JJ.

PATRICIA BRECKENRIDGE, Judge.

Kelly Coke appeals the denial of his Rule 24.035 motion for post-conviction relief, without an evidentiary hearing. Mr. Coke filed his Rule 24.035 motion after he pled guilty to the class B felony of distribution of a controlled substance, under section 195.211, RSMo Cum.Supp.2004,

and the class C felony of possession of a controlled substance, under section 195.202, RSMo 2000. The trial court sentenced Mr. Coke to concurrent sentences of ten years in prison on the distribution count and seven years in prison on the possession count. On appeal, Mr. Coke argues that the motion court clearly erred in finding that the record conclusively refuted his claim that his trial counsel misinformed him that he would serve, at most, seventeen months before being paroled and, but for counsel's erroneous advice, he would not have pled guilty. Because Mr. Coke's amended motion alleged facts, not refuted by the record that, if true, would warrant relief, and also alleged that the matter complained of resulted in prejudice to him, Mr. Coke was entitled to an evidentiary hearing. Accordingly, the motion court's judgment is reversed, and the case is remanded for an evidentiary hearing.

### Factual and Procedural Background

Mr. Coke was initially charged with one count of the class B felony of possession of a controlled substance with intent to distribute, under section 195.211, RSMo Cum. Supp.2004, and one count of the class A felony of distribution of a controlled substance near public housing, under section 195.218, RSMo Cum.Supp.2004. Pursuant to a plea agreement, he pled guilty on August 15, 2005, to the class C felony of possession of a controlled substance and the class B felony of distribution of a controlled substance. During the plea hearing, the plea court questioned Mr. Coke as to his understanding of the plea agreement, the State's recommendation as to sentencing, his waiver of rights connected with a trial, and the factual basis for his plea. Among other questions, Mr. Coke was asked whether any promises, other than the State's recommendation regarding sentencing, had been made to him. Mr. Coke indicated that no other promises

had been made to him. The court accepted Mr. Coke's plea and sentenced him in accordance with the State's recommendation to concurrent sentences of ten years in prison on the distribution count and seven years in prison on the possession count.

Mr. Coke then filed a *pro se* Rule 24.035 motion for post-conviction relief, which was subsequently amended by appointed counsel. In his amended motion, Mr. Coke claimed that his "trial counsel unreasonably assured [him] that he would serve at most seventeen months on the seven and ten year sentences imposed in this case" and that he "pled guilty in reasonable reliance on counsel's erroneous assurance." Mr. Coke further alleged that he had "since learned that he is required to do considerably more than seventeen months imprisonment, and will not even seen [sic] the parole board until the twenty-four month point." Finally, Mr. Coke alleged that "[b]ut for [counsel's] assurance, [he] would have rejected pleading guilty and insisted on proceeding to trial." The motion court denied Mr. Coke's motion, without an evidentiary hearing. Mr. Coke appeals.

### Standard of Review

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). The findings and conclusions of the motion court are deemed clearly erroneous "if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made." *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997).

To prevail on his claim of ineffective assistance of counsel, Mr. Coke must

meet the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* he must show (1) that his attorney failed to exercise the level of skill and diligence that a reasonably competent attorney would in a similar situation, and (2) that he was prejudiced by that failure. *Id.* at 687, 104 S.Ct. 2052. After a guilty plea has been entered, "the issue of effectiveness of counsel is material only to the extent it affects the voluntariness and understanding with which the plea was made." *Winegar v. State,* 967 S.W.2d 265, 267 (Mo.App. W.D.1998). To demonstrate "prejudice in a guilty plea case, a defendant must prove that, but for the errors of counsel, he would not have pled guilty and would have demanded [a] trial." *Roll,* 942 S.W.2d at 375.

### Movant Entitled to Evidentiary Hearing

■ In his sole point on appeal, Mr. Coke asserts that the motion court erred in denying his Rule 24.035 motion, without an evidentiary hearing, because he sufficiently pled the claim that he would not have pled guilty had plea counsel not erroneously promised him, prior to his guilty plea, that he would only serve seventeen months in prison. In particular, in his amended Rule 24.035 motion, Mr. Coke alleged that his counsel "unreasonably assured [him] that he would serve at most seventeen months on the seven and ten year sentences imposed" and that he has "since learned that he is required to do considerably more than seventeen months imprisonment, and will not even seen [sic] the parole board until the twenty-four month point." In his amended motion, Mr. Coke claimed that "[b]ut for" counsel's "assurance, [he] would have rejected pleading guilty and insisted on proceeding to trial." Thus, Mr. Coke claims that because he pled facts, which, if proven, warrant relief, he was entitled to an evidentiary hearing.

■ To be entitled to an evidentiary hearing on a Rule 24.035 claim, " '(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant.' " *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997) (citation omitted). "All three of these prongs must be present, otherwise the motion court may deny an evidentiary hearing." *Edwards v. State,* 954 S.W.2d 403, 408 (Mo.App. W.D.1997).

■ Under the first prong of the test, Mr. Coke's amended Rule 24.035 motion alleged that prior to his plea, his trial counsel told him that he would serve, "at most, seventeen months prior to being paroled." "As a general proposition, parole eligibility is a collateral circumstance of which a criminal defendant need not be advised to make that defendant's plea knowing and voluntary." *Shackleford v. State,* 51 S.W.3d 125, 128 (Mo.App. W.D. 2001). If Mr. Coke was "grossly misinformed by his attorney regarding parole eligibility," however, and Mr. Coke "relie[d] upon that misinformation, a claim of ineffective assistance of counsel may be meritorious." *Id.* Because Mr. Coke alleged an "affirmative act of misinformation by his plea counsel" and that he would not have pled guilty and insisted on proceeding to trial if not for this misinformation, he has "alleged facts sufficient to satisfy the first prong of the tripartite test outlined above." *Id.*

■ Regarding the second prong, Mr. Coke was required to "establish that the record before the motion court did not refute the allegations raised in his motion for postconviction relief." *Id.* At the guilty

plea hearing, the plea court asked Mr. Coke if he understood what the State was recommending, i.e., seven years imprisonment for the possession count, and ten years imprisonment for the distribution count, with the sentences to run concurrently. Mr. Coke indicated that he did. The plea court then asked Mr. Coke if there were any changes or surprises. Mr. Coke responded, "No." The plea court then asked Mr. Coke if there were any other promises made to him concerning this matter. Mr. Coke responded, "No." The motion court found that the plea court's inquiry and Mr. Coke's answers refuted Mr. Coke's claim that his plea was involuntary because his counsel promised him that he would serve no more than seventeen months. Therefore, the motion court denied Mr. Coke's amended motion, without holding an evidentiary hearing.

On appeal, Mr. Coke argues that the record does not "conclusively" refute his claim that he was misinformed about his eligibility for parole merely because he agreed that no promises had been made to him. This court agrees. At no point during the plea hearing was the issue of parole addressed. "A negative response to a routine inquiry whether any promises other than stated on the record had been made is too general to encompass all possible statements by counsel to his client," including statements regarding eligibility for parole. *Shackleford,* 51 S.W.3d at 128. Thus, the record does not refute Mr. Coke's allegation that he would not have pled guilty but for counsel's allegedly erroneous advice that he would have to serve, at most, seventeen months in prison before being paroled. Consequently, the second prong of the test to be entitled to an evidentiary hearing was satisfied.

■ To satisfy the third prong, Mr. Coke was required to "establish that he was prejudiced by the alleged ineffective assistance of counsel." *Id.* at 129. "In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Copas v. State,* 15 S.W.3d 49, 54 (Mo.App. W.D.2000). Moreover, effective assistance of counsel following a guilty plea "is relevant only to the extent that it impacts the voluntariness of the plea." *Id.* Because Mr. Coke alleged that his guilty plea was involuntary because his plea counsel misled him, "the test applied is whether [Mr. Coke's] belief was reasonable." *Id.* In other words, "[a] defendant's mistaken belief about the terms of his sentence can vitiate his sentence only if it results from a positive representation upon which he is entitled to rely." *Shackleford,* 51 S.W.3d at 128. *See also Dorsey v. State,* 115 S.W.3d 842, 845 (Mo. banc 2003) ("Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely.").

Here, in his amended motion, Mr. Coke alleged that counsel told him that he would serve, at most, seventeen months before being paroled and, but for counsel's allegedly erroneous advice, he would not have pled guilty. If counsel made such a statement to Mr. Coke, "that statement may have affected [Mr. Coke's] decision to plead guilty, and consequently, the voluntariness of [Mr. Coke's] plea." *Copas,* 15 S.W.3d at 56. This court "cannot say as a matter of law on the sparse record before us that [Mr. Coke's] belief was unreasonable or there was no prejudice." *Id.* Accordingly, "an evidentiary hearing is necessary to determine if [Mr. Coke] received ineffective assistance of counsel." *Id.*

The motion court's judgment is reversed and the case is remanded for an evidentiary hearing.

All Concur.