In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

ROBERT W. ROSSA, ) No. ED109242
 )
 Appellant, ) Appeal from the Circuit Court
 ) of St. Charles County
v. ) Cause No. 1811-CC00982
 )
STATE OF MISSOURI, ) Honorable Daniel G. Pelikan
 )
 Respondent. ) Filed: June 8, 2021

 Introduction

 Robert W. Rossa (Movant) appeals the judgment of the motion court denying his

motion for post-conviction relief under Rule 24.035 1 without an evidentiary hearing.

Because Movant’s claim, that he pled guilty because counsel and the court erroneously

represented that he would receive credit for time served out of state, is not refuted by the

record, we reverse and remand for an evidentiary hearing.

 Background

 On May 22, 2018, Movant pled guilty to one count of driving while intoxicated,

pursuant to a plea agreement for a sentence of two years with credit for time served. The

trial court accepted Movant’s plea and sentenced him to confinement in the Missouri

1
 All rule references are to Mo. R. Civ. P. 2019 unless otherwise indicated.
Department of Corrections “for a period of two years unless sooner discharged by operation

of law.” The trial court’s sentencing form noted that Movant was to “receive credit for all

time served in this matter including his time in Colorado as a result of a warrant on this

case beginning 10/30/2017 and ending 2/20/2018. Additionally, credit is to be given for

[Movant]’s time in the St. Charles County Jail beginning 2/20/2018.”

 Movant timely filed a pro se motion for post-conviction relief under Rule 24.035,

and later a timely amended motion through counsel. Movant alleged that his plea was

involuntary and unknowing because his plea counsel was ineffective for erroneously

advising him that he would receive credit for the 112 days he was incarcerated in Colorado

under a Missouri detainer. He alleged that when he arrived at the Missouri Department of

Corrections, he received credit only for the time he spent in the St. Charles County Jail.

Movant claimed he was prejudiced by counsel’s erroneous advice because but for counsel’s

and the court’s assurances that he would receive credit for time served in Colorado, he

would not have pled guilty but would have proceeded to trial.

 The motion court agreed that Movant was to receive credit for time served in

Colorado according to the trial court’s order, but concluded Movant’s claim that his plea

was involuntary was refuted by Movant’s statements to the trial court that no one had made

any promises to him about how much time he would serve in prison. The motion court

therefore denied Movant’s motion without an evidentiary hearing. This appeal follows.

 Standard of Review

 Our review of the denial of a motion for post-conviction relief under Rule 24.035

is limited to the determination of whether the findings of fact and conclusions of law are

clearly erroneous. Rule 24.035(k); Woods v. State, 176 S.W.3d 711, 712 (Mo. banc 2005).

 2
Findings of fact and conclusions of law are clearly erroneous only if, after a review of the

entire record, we are left with the definite and firm impression that a mistake has been

made. Woods, 176 S.W.3d at 712.

 Where there is a plea of guilty, claims of ineffective assistance of counsel are

relevant only to the extent they affect the voluntariness of the plea. Nunn v. State, 23

S.W.3d 910, 912-13 (Mo. App. W.D. 2000). In order to prevail on such a claim, a movant

must show that his or her counsel’s performance was deficient and that the movant was

prejudiced thereby. Id. at 912 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

A movant is entitled to an evidentiary hearing where he or she alleges unrefuted facts

which, if true, would entitle the movant to relief. Booker v. State, 522 S.W.3d 522, 526

(Mo. banc 2018).

 Discussion

 Movant argues in his sole point on appeal that the motion court clearly erred in

denying his motion without an evidentiary hearing because he alleged facts showing his

guilty plea was involuntary because his plea counsel and the court erroneously represented

that he would receive credit for time served out of state. The State agrees and also requests

that we reverse and remand for an evidentiary hearing. We agree.

 Movant alleged that his plea counsel erroneously advised him that he would receive

credit for time served in Colorado. He alleged that he was incarcerated in Colorado because

of pending Colorado charges, not solely due to the Missouri detainer filed in Colorado.

Movant was not necessarily entitled to credit for this time served, because Missouri law

allows Movant to receive credit only if his incarceration in Colorado was “compelled

exclusively” by the State of Missouri’s action. Section 558.031.1(2), RSMo. Supp. 2017;

 3
Farish v. Mo. Dep’t of Corr., 416 S.W.3d 793, 797 (Mo. banc 2013) (noting detainer did

not unilaterally cause defendant to be held in State of Kansas’ custody where defendant

had been arrested in Kansas for Kansas offense). Moreover, the Missouri Department of

Corrections, rather than the trial court, ultimately is responsible for calculating the amount

of credit due to an inmate. See State v. Parker, 475 S.W.3d 699, 701 (Mo. App. E.D. 2015).

Movant’s allegations, if true, would establish plea counsel’s advice was erroneous.

 The motion court found this claim was refuted by the record because Movant “told

the court at his plea and sentencing hearing . . . that no one made any promises about how

much time he would serve in prison [or] when he would be eligible for parole.” Movant

also told the court he was satisfied with his counsel. We disagree that Movant’s statements

here refute his claim. The parties and court were aware of the plea agreement Movant

signed, which stated Movant would receive credit for time served in Colorado. The court

incorporated that provision of the plea agreement specifically into its sentencing order. If

Movant relied on such statements without being informed that the Missouri Department of

Corrections actually determines the amount of proper credit for time served, such reliance

would have been reasonable. Wilson v. State, 568 S.W.3d 924, 930 (Mo. App. E.D. 2019)

(where counsel and sentencing court told Movant he would receive credit for time served

in Illinois, Movant’s reliance on counsel’s advice and court’s assurance was reasonable).

Moreover, “an attorney’s advice is not the same as a promise—a defendant can say

correctly that he was promised nothing, but this does not mean he was given correct advice

as to the effects of his plea.” Id. at 929.

 Movant further alleged that he was prejudiced because, but for counsel’s advice, he

would not have pled guilty but would have gone to trial. This allegation is not refuted by

 4
the record. Thus, Movant was entitled to an evidentiary hearing on his claim that his

counsel’s erroneous advice rendered his plea involuntary. Point granted.

 Conclusion

 We reverse the motion court’s judgment on Movant’s Rule 24.035 motion, and we

remand to the motion court for an evidentiary hearing.

 ________________________________
 Gary M. Gaertner, Jr., P.J.

Philip M. Hess, J., and
Michael E. Gardner, J., concur.

 5